UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF ARKANSAS

**JOYCE TOWNSEND**                                          **PLAINTIFF**

V.                  Civil Action No. 3:17-cv-00009 JM

**OFFICE DEPOT, INC. and JOHN DOE**
Nos. 1-4
                                                           **DEFENDANTS**

## PROTECTIVE ORDER

It being represented to the Court that the Plaintiff, Joyce Townsend, has requested documents from the Defendant, Office Depot, Inc. ("Defendants") which involve trade secrets, confidential research, proprietary materials and development and/or commercial information belonging to Defendant, and/or other related entities; and

It being represented to the Court that Defendant is willing to provide these documents for inspection and review only under a Protective Order upon the hereinafter stated terms and conditions; and

It being represented to the Court that all of the parties are in agreement as to the terms of the said Protective Order; therefore,

It is hereby ORDERED that:

1. Defendant will disclose documents that it designated "Confidential and Proprietary" to the parties to this suit and their attorneys, only pursuant to this Order and under the conditions that follow.

2. Any and all of the aforesaid materials disclosed by Defendant and the contents thereof shall be maintained in confidence by counsel for the Plaintiff and counsel for the other parties to the above-captioned litigation. The aforesaid materials shall not be photocopied or reproduced by any means for purposes unrelated to the

above-captioned litigation without the prior consent of counsel for Defendants or until further order of this Court.

3. Any and all of the aforesaid materials disclosed by Defendant and the contents thereof shall be used only in connection with the above-captioned matter and shall not be used for any other purpose whatsoever.

4. No person who examines any document produced pursuant to this order shall disseminate orally, in writing, or by any other means, the document(s) or the information contained therein, to any person not also authorized to examine documents under the terms of this order.

5. Counsel for Plaintiff and counsel for the other parties to the above-captioned litigation may permit an expert or experts hired by the Plaintiff or other parties in the above-captioned litigation to review the documents subject to this Protective Order, but counsel for the Plaintiff and counsel for the other parties must first obtain from said experts a written statement confirming the expert's agreement to comply with every element of this Protective Order. Said experts shall agree that the documents and the contents thereof shall not be disclosed to any other person or entity and said documents shall not be photocopied or reproduced by any means. Any documents provided to experts must be returned to undersigned defense counsel within thirty days of the conclusion of the above-captioned litigation pursuant to the terms of paragraph 8 below upon written notice provided by undersigned defense counsel. If said records are not requested within 30 days of the conclusion of this matter, the documents shall be destroyed with certificate of such destruction being provided to undersigned defense counsel by Plaintiff's counsel.

6. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege and materiality.

7. In the event the adverse part(ies) disagree and wish to contest the "Confidential" designation made by the producing party, then the adverse party's counsel shall notify the producing party's counsel of that disagreement and shall specify in writing the documents or tangible things at issue and the reasons for the disagreement with the "Confidential" designation. If the parties are unable to reach an agreement within fourteen days after the written notification by the other party's counsel, then that adverse (receiving) party shall have the right to move the Court for a ruling as to whether the documents or tangible things at issue should be subject to this Protective Order or should be produced without restriction. The documents or tangible things at issue in such a motion shall remain confidential and subject to this Protective Order during the pendency of any such motion.

8. Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action or at any mediation/arbitration of the above-captioned litigation any of the documents subject to this Protective Order. Nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material.

9. At the conclusion of this lawsuit by settlement, a jury verdict, nonsuit, dismissal, by judgment order or otherwise, all Defendant's materials, including any and all copies, or renditions made from the materials, shall be returned to Defendant within thirty (30) days.

10. A breach of the terms of this Order shall entitle Defendant to appropriate sanctions, including but not limited to attorneys fees and costs incurred in the enforcement of this Order.

Signed this the __4th__ day of __December__, 2017.

_____
Judge Presiding

Agreed as to the terms and conditions:

_____
Brett McDaniel, ABA 2009008
McDANIEL LAW FIRM, PLC
400 South Main
Jonesboro, Arkansas 72401
(870) 336-4747 Telephone
brett@mcdaniellawyers.com


Attorneys for Plaintiff



_____
David W. Whitehurst, ABA 90081
WHITEHURST & CAWLEY, L.L.P.
16300 Addison Road, Suite 100
Addison, Texas 75001
(972) 503-5455 Telephone
(972) 503-6155 Facsimile
dwhitehurst@whitehurstlaw.com

Attorneys for Defendant
Office Depot, Inc.

And

Edward T. Oglesby, ABA 89158
KUTAK ROCK LLP
124 West Capitol Ave., Ste 2000
Little Rock, AR 72201
Telephone: (501) 975-3127
Fax: (501) 975-3001
edward.oglesby@kutakrock.com